# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| THOMAS J. DIBUONO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 10-40255-FDS |
| v. | ) | |
| | ) | |
| GUCKENHEIMER ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

SAYLOR, J.

## I. Introduction

On December 22, 2010, Plaintiff Thomas J. DiBuono, a resident of Hubbardston, Massachusetts, filed a skeletal complaint against his former employer, Guckenheimer Enterprises, Inc., a company located in Redwood Shores, California. In the civil cover sheet attached to the complaint, DiBuono alleges that his cause of action is based on wrongful termination. In the complaint itself, however, DiBuono alleges that he is appealing a decision of the Equal Employment Opportunity Commission ("EEOC"). In the body of the complaint, DiBuono requests the appointment of *pro bono* counsel and seeks monetary damages.

Along with the complaint, DiBuono filed a motion for leave to proceed *in forma pauperis* (Docket No. 2). On January 3, 2011, DiBuono filed a motion for appointment of counsel (Docket No. 4).

## II. Discussion

### A. The Motion for Leave to Proceed *In Forma Pauperis*

DiBuono reports that he is unemployed, receives $1,746 in monthly disability benefits, and has $550 in cash or savings. Despite his limited liquidity, however, DiBuono reports substantial assets, including three vehicles, $1,800 in stocks, $21,000 in mutual funds, and real estate valued at $175,000. In view of these assets, this Court cannot find that DiBuono qualifies for *in forma pauperis* status. It does not appear that DiBuono would have to forego the necessities of life in order to pursue this action, or that requiring him to pay the filing fee otherwise would constitute an undue hardship to him.

Accordingly, the motion for leave to proceed *in forma pauperis* will be denied. Within 21 days of the date of this memorandum and order, DiBuono must pay the $350 filing fee for this action. Failure to comply with this directive will result in a dismissal of this action.

### B. Screening of the Complaint

DiBuono has not been permitted to proceed *in forma pauperis* at this time; therefore, no preliminary screening of the complaint is authorized pursuant to 28 U.S.C. § 1915(e).

### C. The Motion for Appointment of *Pro Bono* Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1] However, a civil plaintiff lacks a constitutional right to free counsel. *Desrosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In

---

[1] In this District, there is no plan authorizing the payment for counsel appointed for civil litigants such as the plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and for payment under the Criminal Justice Act).

order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

In the present case, plaintiff has failed to satisfy the Court sufficiently that he is financially unable to retain his own counsel on a contingency fee basis or otherwise. Even assuming that he could not afford to retain counsel, this Court cannot find that the allegations of the complaint, as pleaded, raise exceptional circumstances that would warrant the appointment of *pro bono* counsel. Indeed, as pleaded, there does not appear to be any basis for a finding of liability. Furthermore, this Court cannot find that the case presents novel or complex issues of law or fact, or that plaintiff's physical and/or mental disabilities justify appointment at this time. Plaintiff's assertion that he is proceeding against a national corporation with greater financial resources is simply not sufficient to justify appointment of counsel.

Accordingly, plaintiff's motion for appointment of counsel will be denied.

### III. Conclusion

Based on the foregoing, it is hereby ordered as follows:

1. plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is DENIED;

2. within 21 days of the date of this Memorandum and Order, plaintiff shall pay the $350 filing fee for this action; and

3. plaintiff's Motion for Appointment of Counsel (Docket No. 4) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 13, 2011